**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOMER S. RICHCREEK<br>519 Herman Ave, Apt 1<br>Lemoyne, PA 17043 | : CIVIL ACTION COMPLAINT<br>:<br>: |
| v. | :<br>: |
| BOSS TRUCK SHOP, INC.<br>1607 S. Locust Street, Suite A<br>Grand Island, NE 68801 | : DOCKET NO. _____<br>:<br>: JURY TRIAL DEMANDED<br>: |
| BOSS TRUCK SHOPS, INC.<br>1607 S. Locust Street, Suite A<br>Grand Island, NE 68801 | :<br>:<br>:<br>: |
| BOSSELMAN, INC.<br>1607 S. Locust Street, Suite A<br>Grand Island, NE 68801 | :<br>:<br>:<br>: |

Plaintiff, Homer S. Richcreek, by and through his attorneys, Quinn Law Group, LLC, submits the following Complaint against Defendants, Boss Truck Shop, Inc., Boss Truck Shops, Inc., Bosselman, Inc. and John Does 1-5, and in support thereof, avers as follows:

1.      Plaintiff, Homer S. Richcreek, is an adult citizen of the Commonwealth of Pennsylvania, residing at 519 Herman Ave, Apt 1, Lemoyne, PA 17043.

2.      At all times relevant and material hereto, Defendant, Boss Truck Shop, Inc., is/was:

   a. a corporation registered and authorized to conduct business in the Commonwealth of Pennsylvania;

   b. a corporation maintaining its corporate headquarters at 1607 S. Locust Street, Suite A, Grand Island, NE 68801;

   c. a corporation providing commercial truck maintenance and repair services at service centers located across the United States;

    d.   a corporation maintaining approximately 45 commercial truck service centers in 24 different states, including 3 service centers in the Commonwealth of Pennsylvania;

    e.   a corporation maintaining a commercial truck service center in Berks County at 2214 Camp Swatara Road, Frystown PA 17067;

    f.   a corporation maintaining a commercial truck service center in Cumberland County at 1501 Harrisburg Pike, Carlisle PA 17015 (hereinafter referred to as the "Premises" or "Shop");

    g.   a corporation conducting regular and systematic business in the Commonwealth of Pennsylvania; and

    h.   a corporation purposefully availing itself of the rights and privileges of the Commonwealth of Pennsylvania.

3. At all times relevant and material hereto, Defendant, Boss Truck Shops, Inc., is/was:

    a.   a corporation registered and authorized to conduct business in the Commonwealth of Pennsylvania;

    b.   a corporation maintaining its corporate headquarters at 1607 S. Locust Street, Suite A, Grand Island, NE 68801;

    c.   a corporation providing commercial truck maintenance and repair services at service centers located in across the United States;

    d.   a corporation maintaining approximately 45 commercial truck service centers in 24 different states, including 3 service centers in the Commonwealth of Pennsylvania;

    e.   a corporation maintaining a commercial truck service center in Berks County at 2214 Camp Swatara Road, Frystown PA 17067;

f.  a corporation maintaining a commercial truck service center in Cumberland County at 1501 Harrisburg Pike, Carlisle PA 17015 (hereinafter referred to as the "Premises" or "Shop");

g.  a corporation conducting regular and systematic business in the Commonwealth of Pennsylvania; and

h.  a corporation purposefully availing itself of the rights and privileges of the Commonwealth of Pennsylvania.

4.  At all times relevant and material hereto, Defendant, Bosselman, Inc., is/was:

a.  a corporation registered and authorized to conduct business in the Commonwealth of Pennsylvania;

b.  a corporation maintaining its corporate headquarters at 1607 S. Locust Street, Suite A, Grand Island, NE 68801;

c.  a corporation providing commercial truck maintenance and repair services at service centers located in across the United States;

d.  a corporation maintaining approximately 45 commercial truck service centers in 24 different states, including 3 service centers in the Commonwealth of Pennsylvania;

e.  a corporation maintaining a commercial truck service center in Berks County at 2214 Camp Swatara Road, Frystown PA 17067;

f.  a corporation maintaining a commercial truck service center in Cumberland County at 1501 Harrisburg Pike, Carlisle PA 17015 (hereinafter referred to as the "Premises" or "Shop");

g.  a corporation conducting regular and systematic business in the Commonwealth of Pennsylvania; and

h. a corporation purposefully availing itself of the rights and privileges of the Commonwealth of Pennsylvania.

5. Defendants, John Does 1-5, is/are persons and/or businesses, whose identities are presently unknown, after reasonable investigation, whom either (a) owned, operated, managed, and/or maintained the Premises, (b) are responsible for any injuries sustained by Plaintiff, (c) are responsible for causing any unsafe conditions on the Premises which led to Plaintiff's injuries, (d) maintained an agency relationship with Defendant(s), and/or (e) were in any way responsible for the below incident.

6. This Court has jurisdiction based upon diversity of citizenship of the parties and the requisite amount in controversy is in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

7. Venue is appropriate in this District because the Defendant is subject to personal jurisdiction in this judicial district given the continuous presence of Defendants' business location in Frystown, Pennsylvania, and the underlying incident occurred within the Commonwealth of Pennsylvania.

8. At all times relevant and material hereto, Defendants acted and/or failed to act by and through their actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency, and in furtherance of Defendants' interests.

9. At all times relevant and material hereto, Defendants owned and operated the Premises.

10.  At all times relevant and material hereto, Defendants controlled access to the Premises.

11.  At all times relevant and material hereto, Defendants had a duty to maintain the Premises in a safe condition and free of recognized hazards.

12.  At all times relevant and material hereto, Defendants had a duty to inspect the Premises to identify unsafe conditions and/or hazards.

13.  At all times relevant and material hereto, Defendants had a duty to eliminate any unsafe conditions and/or hazards upon the Premises.

14.  At all times relevant and material hereto, Defendants had a duty to protect customers and patrons from any unsafe conditions and/or hazards at the Premises.

15.  At all times relevant and material hereto, Defendants had a duty to warn customers and patrons of any unsafe conditions and/or hazards at Premises.

16.  At all times relevant and material hereto, Plaintiff, Homer Richcreek, was a patron and customer at the Premises.

17.  At all times relevant and material hereto, Plaintiff, Homer Richcreek, was a business invitee of Defendants and owed the highest duty of care.

18.  On August 9, 2024, Plaintiff, Homer Richcreek, entered the Premises for the legitimate business purpose of having his truck serviced when he was instructed by Defendants' employees and personnel to ascend an elevated platform to retrieve his dog from the lifted commercial vehicle.

19.  Defendants negligently and carelessly failed to lower the vehicle to make it safer for Mr. Richcreek to retrieve his pet from the vehicle and instead directed him to ascend an elevated platform exposing him to a fall hazard.

20.     Mr. Richcreek fell and sustained serious injuries as a result of the negligence and carelessness of the Defendants.

21.     This incident was directly and proximately caused by the negligence and carelessness of the Defendants, as set forth more fully hereinafter.

22.     As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff, Homer Richcreek, sustained serious injuries, including but not limited to a torn right rotator cuff requiring arthroscopic surgical repair; facial laceration and scarring near the right eye; head trauma; chronic right-shoulder pain and weakness; and loss of range of motion, among other injuries.

23.     As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has been required to undergo medical treatment for the injuries sustained and may continue to require medical care, and/or treatment in the future.

24.     As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff may be subject to an increased risk that he would develop future complications, and/or injuries, and may require future medical monitoring and/or treatment.

25.     As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has incurred expenses for medical care and may incur additional expenses for the same purposes in the future.

26.     As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has been prevented, and may be prevented in the future, from engaging in his usual activities, all to his great personal and/or financial loss.

27.     As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has suffered, and may continue to suffer in the future, great pain, discomfort, trauma, humiliation, anxiety, and/or mental anguish.

28.     As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has suffered expenses and other financial losses.

29.     All Defendants are jointly and severally liable.

### COUNT I - NEGLIGENCE

30.     Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though the same were set forth more fully at length herein.

31.     Plaintiff, Homer Richcreek, sustained serious injuries and damages as a direct and proximate result of the negligence and carelessness of the Defendants, which consisted of the following:

   a. Failing to lower the elevated platform before instructing Plaintiff to utilize the same and expose him to a hazard on the Premises;

   b. Failing to instruct Plaintiff to remove his dog from the vehicle upon entry to the Premises and/or upon exiting his vehicle;

   c. Failing to provide Plaintiff with a safe means of removing his dog from the vehicle on the Premises;

   d. Failing to conduct adequate and appropriate inspections of the Premises, including the service bay, elevated platform, and surrounding walking areas;

   e. Failing to identify the unsafe, slippery, and/or unguarded condition of the elevated platform that caused Plaintiff to fall;

f.  Failing to eliminate or correct the hazardous and/or slippery condition from the platform and adjacent floor;

g.  Failing to erect, install, or otherwise place railings, barricades, or barriers to prevent persons from falling from the elevated platform;

h.  Failing to properly maintain the platform, steps, and service-bay flooring in a safe and dry condition;

i.  Failing to adequately and appropriately clean the platform, steps, and surrounding floor of grease, oil, or other slippery substances;

j.  Failing to warn customers and invitees, including Plaintiff, of the dangerous and slippery conditions and the lack of guardrails on the platform;

k.  Failing to post signage, cones, or warnings restricting customer access to the elevated work area;

l.  Permitting the elevated platform and walking surfaces to remain in an unsafe, unguarded, and hazardous condition;

m.  Ignoring the risk of harm posed by directing customers, including Plaintiff, to the hazardous platform area without proper warning or instruction;

n.  Ignoring the safety of persons walking up to or near the elevated platform, including Plaintiff;

o.  Failing to ensure that the service bays and elevated platforms are safe for customer use;

p.  Failing to mark the elevated area as dangerous, or otherwise designate the elevated platform area as restricted to employees only;

q.  Failing to hire competent contractors, employees, and/or personnel to inspect, maintain, and keep the service area safe for customers;

r.  Failing to adequately train and/or supervise Defendant's personnel, employees, and/or agents with regard to hazard identification, safety procedures, and the protection of invitees;

s.  Failing to adopt and enforce proper and adequate guidelines, policies, and/or procedures relating to inspection, safety, and customer access to elevated service areas;

t.  Failing to institute or implement appropriate safety policies and procedures regarding hazard identification and prevention;

u.  Failing to supervise and oversee the maintenance and cleaning of the platform, steps, and surrounding floor surfaces;

v.  Failing to supervise and oversee the inspection of the elevated areas to ensure they were safe for customers;

w.  Failing to provide adequate safeguards and physical protection to prevent Plaintiff's fall and resulting injuries;

x.  Failing to provide Plaintiff with a safe means of retrieving his dog; and

y.  Failing to provide Plaintiff with a safe means of conducting business on the Premises.

32.  As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff sustained serious injuries and damages as set forth more fully above.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00)

plus interest, cost of suit, delay damages, and/or other relief deemed equitable and appropriate by the Court.

## COUNT II – VICARIOUS LIABILITY

33.     Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though the same were set forth more fully at length herein.

34.     At all times relevant and material hereto, Defendants acted and/or failed to act by and through their actual or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency, and in furtherance of Defendants' interests.

35.     Defendants are vicariously liable for the negligent and careless acts or omissions of their actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, and/or representation of the Defendants at the time Plaintiff was injured.

36.     Plaintiff was seriously injured, as set forth more fully above, as a direct and proximate result of the negligent and careless acts or omissions of the Defendant's actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were, at all times relevant and material hereto, acting within the course and scope of their actual and/or apparent employment, agency, and/or representation, and in furtherance of the Defendant's interests.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00)

plus interest, cost of suit, delay damages, and/or other relief deemed equitable and appropriate by the Court.

QUINN LAW GROUP, LLC


BY:    /S/ Sean E. Quinn
       SEAN E. QUINN, ESQUIRE
       MICHAEL A. HENNING, ESQUIRE
       Attorneys for Plaintiff
       226 Walnut Street
       Philadelphia, PA 19106
       (215) 360-3666


Dated:  June 16, 2026

**<u>VERIFICATION</u>**

I, Plaintiff in the within action, make this verification and state that the information contained in the foregoing is true and correct to the best of my knowledge, information and belief and that this verification is made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

Date: April 21, 2026